IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TIFFANY AARON AND EBONI HORN-WATSON, <br><br> INDIVIDUALLY AND ON BEHALF OF ALL PERSONS SIMILARLY SITUATED, <br><br> *Plaintiffs* <br> v. <br><br> JASON LEDAY, LTHM HOUSTON - OPERATIONS, LLC, AND KIGLAPAIT HOSPITAL CORPORATION d/b/a RENAISSANCE HOSPITAL GROVES <br><br> *Defendants.* | CIVIL ACTION NO. 13-cv-1716 <br><br> JURY TRIAL DEMANDED |

## PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs Tiffany Aaron and Eboni Horn-Watson (collectively "Plaintiffs") file this amended class action on behalf of themselves and all other employees against Jason LeDay, LTHM Houston-Operations, LLC, and Kiglapait Hospital Corporation d/b/a Renaissance Hospital Groves (collectively, "Defendants") for: 1) violation of the Worker Adjustment and Retraining Notification ("WARN") Act because the employees were not provided with either 60 days' notice prior to a plant closing or mass layoff or 60 days' pay, 2) violation of the Employee Retirement Income Security for failure to provide continuing health benefits and notification of COBRA rights after their termination; 3) breach of contract for failure to pay accrued paid-time-off; and 4) violation of the Fair Labor Standards Act for unpaid wages due for their last week of work.  In support thereof, Plaintiffs respectfully show the Court as follows:

1

## II. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1367(a), 29 U.S.C. § 2104(a)(5), 29 U.S.C. § 1132(e)(1) and 29 U.S.C. § 201(b).

2. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1) and 29 U.S.C. § 1132(e)(2) because Defendants have its principal place of business in this district, reside in this district, and/or the events giving rise to the cause of action alleged herein occurred in whole or in part in this division and judicial district.

## III. PARTIES

3. Plaintiff Tiffany Aaron resides in Harris County, Texas and worked for Defendants in Groves, TX.

4. Plaintiff Eboni-Horn Watson resides in Jefferson County, Texas and worked for Defendants in Groves, TX.

5. Defendant Jason LeDay is an individual and is Plaintiffs' employer within the meaning of the WARN act and the FLSA. LeDay may be served with process at 2807 Little York Rd., Houston, TX 77093 or wherever else he may be found.

6. Defendant LTHM Houston – Operations, LLC is a Texas Limited Liability Company and is Plaintiffs' employer within the meaning of the WARN Act and the FLSA. LTHM Houston – Operations, LLC may be served with process by serving its registered agent, Jason LeDay at 2807 Little York Rd., Houston, TX 77093.

7. Defendant Kiglapait Hospital Corporation d/b/a Renaissance Hospital Groves is a Texas Corporation and may be served with process by serving its registered agent, Travis Owens, at 6110 F.M. 1488 Road, Magnolia, TX 77354.

8. Defendants have made an appearance via their attorney-of-record. An answer to the Original Complaint is due on August 12, 2013; however, this Amended Complaint is being filed several weeks prior to the answer due date.

9. Jason LeDay is the sole or primary manager/director/partner/owner of several other entities, including but not limited to a) Axiom Industries, LLC, b) Little York Hospital RE GP, LLC, c) Groves Hospital, L.L.C., d) Axiom Investments, Ltd., e) Caerus Healthcare, LLC, and f) LeDay Interests, LLC. Plaintiffs are currently not in possession of information that would suggest any of these other entities need to be included as co-defendants; however, discovery will be necessary to further evaluate this possibility and the complaint may need to be amended again to include any of these entities if deemed appropriate at a later date.

### IV. Facts

10. Jason LeDay ("LeDay") is the sole manager and member of LTHM Houston – Operations, LLC.

11. LeDay is and/or was the administrator of Renaissance Hospital Groves.

12. LeDay has operational control over LTHM Houston – Operations, LLC and/or Renaissance Hospital Groves.

13. LeDay is considered an "employer" under the FLSA.

14. LeDay is the alter ego of LTHM Houston – Operations, LLC and/or Kiglapait Hospital Corporation.

15. Defendants own and/or operate Renaissance Hospital Groves, located at 5500 39th Street, Groves, TX 77619.

16. Defendants own, operate, and/or have control over at least two other hospitals – St. Anthony's Hospital in Houston, Texas and South Hampton Community Hospital in Dallas, Texas.

17. Plaintiffs were employed by Defendants. Specifically, Plaintiffs worked at Renaissance Hospital Groves, located at 5500 39th Street, Groves, TX 77619.

18. On April 26, 2013 Plaintiffs and nearly all other employees that worked at Renaissance Hospital Groves (collectively "Workers") were abruptly and involuntarily terminated, without any warning, and the hospital was shut down.

19. Approximately three employees continue to work at Renaissance Hospital Groves even though that facility/location has been shut down.

WARN Act Violation

20. Each Defendant employed 100 or more full-time employees. Alternatively, each Defendant employed 100 or more employees, including part-time employees, who in the aggregate worked at least 4,000 hours per week.

21. Each Defendant is/was a business enterprise under the WARN Act.

22. Renaissance Hospital Groves, a facility or single site of employment, was shut down on or about April 26, 2013. The shut-down resulted in an employment loss for 50 or more employees during at least a 30-day period. This is considered a plant closing, as defined under the WARN Act.

23. Alternatively, the terminations on or about April 26, 2013 affected between 50 – 499 employees and over 33 percent of each Defendant's active workforce. This is considered a mass layoff, as defined under the WARN Act.

24. Prior to April 26, 2013, there was no notification that the Workers would be terminated or that Renaissance Hospital Groves would be shut down.

25. After the shut-down, LeDay initially indicated that the hospital was temporarily shut down to reorganize, deal with internal construction, and for purposes of changing its focus to behavioral health and senior care.  However, the shut-down appears to be permanent.

26. Defendants did not face any financial distress or unforeseeable business circumstances. In fact, after the shut-down, Defendants initially indicated it had plans to reopen the hospital.  That has not occurred.

27. Therefore, Defendants were obligated to provide 60 days' notice prior to the layoff, but they did not.

ERISA Violations

28. During their employment, the Workers were provided with medical and other health benefits.

29. Many of the Workers and their beneficiaries heavily depended on these benefits.

30. After the Workers were terminated on April 26, 2013, they became entitled to benefits under the Consolidated Omnibus Budget Reconciliation Act ("COBRA").

31. Defendants (potentially through their plan administrator) were obligated to send a COBRA election notice to Workers within 44 days of their termination.  The Workers have still not received such notification.

32. Under 29 U.S.C. § 1132(c)(1), Defendants are liable for up to $100 per day per beneficiary for the failure to send the COBRA election notices.

33. In addition to the lack of notice, the Workers' health coverage has actually been terminated without the option to participate via COBRA. Therefore, they are no longer covered under Defendants' health care plan.

34. Although COBRA benefits may terminate early if an employer ceases to maintain any group health plan, that is not the case here. At a minimum, Defendants have two other hospitals currently in operation with several employees – St. Anthony's Hospital in Houston, Texas and South Hampton Community Hospital in Dallas, Texas. It also appears a few employees are still working at Renaissance Hospital Groves. Therefore, Defendants are obligated to provide COBRA coverage.

Breach of Contract

35. As a benefit of employment, the Workers received Paid-Time-Off ("PTO") benefits. Defendants' employee handbook explicitly states that "[e]mployees who are laid off or terminated for cause will receive accrued PTO."

36. The Workers have not received compensation for their accrued PTO.

FLSA Violation

37. In performing their duties for Defendants, the Workers were engaged in commerce or in the production of goods for commerce.

38. The Workers were regularly paid twice a month.

39. The Workers worked from April 21 – 26, 2013; however, they were not paid any wages for the work they performed for those six days.

40. Under the FLSA, the wages for those six days were due on or before the next regularly scheduled payday. As of the date of this Complaint, the Workers have not been paid for

the work performed on those six days. Therefore, Defendants failed to comply with the FLSA.

41. Under the Texas Payday Law, the Workers' final pay is dues within six calendar days of their termination.

42. Several employees complained about not receiving their final pay, and even the media reported the lack of payment.[1]

43. Defendants have not made a good faith effort to comply with the FLSA.

44. Defendants willfully violated the FLSA and/or showed reckless disregard in attempting to comply with the FLSA.

## V. CLASS ACTION ALLEGATIONS

45. Plaintiffs incorporate the preceding paragraphs by reference.

46. The proposed class includes all employees who worked at Defendants' Groves facility (Renaissance Hospital Groves) and were involuntarily terminated on or about April 26, 2013.

47. The proposed class meets the requirements of Rule 23 of the Federal Rules of Civil Procedure.

## VI. CAUSES OF ACTION

48. Plaintiffs incorporate the preceding paragraphs by reference.

   A.   *WARN Act Violation*

49. Defendants failed to give the Workers 60 days' notice prior to closing, as required by 29 U.S.C. § 2102(a).

---

[1] *See* http://www.12newsnow.com/story/22265120/disgruntled-employees-hold-silent-protest-outside-renaissance-hospital *(last visited July 15, 2013).*

50. This failure makes Defendants liable to Workers for 60 days of pay, plus costs and attorney's fees. *See* 29 U.S.C. § 2104(a).

    B.    <u>ERISA – 29 U.S.C. § 1132(a)(1)(B)</u>

51. Plaintiffs' health insurance benefits have been improperly terminated.

52. Plaintiffs accordingly assert a claim under section 502(a)(1)(B) of ERISA to recover past benefits owed, enforce their rights, and clarify their future rights to health insurance benefits.

    C.    <u>ERISA – 29 U.S.C. § 1132(a)(2)</u>

53. Defendants have breached their fiduciary duties to maintain the health insurance plan for Plaintiffs and/or for their failure to send COBRA election notifications.

54. Accordingly, Plaintiffs assert claims under section 502(a)(2) of ERISA because Defendants breached their responsibilities, obligations, and duties imposed upon them.

    D.    <u>ERISA – 29 U.S.C. § 1132(c)(1)</u>

55. Plaintiffs assert claims under section 502(c)(1) of ERISA to recover a penalty of $100 per day per beneficiary for Defendants' failure to send the COBRA election notice within 44 days of the cessation of their health insurance, as required by 29 U.S.C. § 1166(a)(4).

    E.    <u>Breach of Contract</u>

56. Plaintiffs were promised PTO benefits and that accrued PTO benefits would be paid out when they were terminated.

57. Defendants have not paid such PTO and have, therefore, breached their promise to provide such benefits.

F. *Fair Labor Standards Act Violation*

58. By failing to pay Plaintiffs for the work they performed from April 21 – 26, 2013, Defendants have violated the FLSA.

59. Defendants did not pay Plaintiffs the required minimum wage, their regular rate of pay, any overtime, and/or any fixed weekly salaries. Therefore, any employees that may have originally been considered exempt from the overtime requirements would actually be considered misclassified for the April 21 – 26 time period and be owed an hourly rate plus overtime.

60. Defendants are liable to Plaintiffs and other workers for unpaid wages and liquidated damages in an amount equal to their unpaid wages.

## VII. JURY DEMAND

61. Plaintiffs hereby request that a jury decide all factual issues in this case to the extent permitted by applicable law.

## VIII. PRAYER

62. Plaintiffs respectfully request that this Court:

    a) order this action to proceed as a class action;

    b) require Defendants to maintain health insurance benefits for Plaintiffs and class members;

    c) order Defendants to pay Plaintiffs and all class members 60 days' pay after the date of their termination;

    d) order Defendants to pay the $100 per day per beneficiary penalty for failure to provide COBRA notifications to all Plaintiffs and class members;

    e) order Defendants to pay Plaintiffs and all class members their accrued PTO;

f) order Defendants to pay Plaintiffs and all class members their unpaid compensation and liquidated damages under the FLSA;

g) order Defendants to pay to Plaintiffs and class members any other actual, consequential, and incidental damages;

h) award Plaintiffs attorney's fees and costs;

i) award pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

j) award all such other and further relief to which Plaintiffs and class members may show themselves to be justly entitled.

Respectfully submitted,

Dated: July 16, 2013

SUD LAW P.C.

*/s/ Nitin Sud*
Nitin Sud
State Bar No. 24051399
Federal ID No. 611307
4545 Mount Vernon Street
Houston, TX 77006
Phone: 832-623-6420
Fax: 832-304-2552

Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that Plaintiffs' First Amended Class Action Complaint was served on the following attorney in accordance with the Federal Rules of Civil Procedure on July 16, 2013:

Charles Christian Frederiksen, Jr.
Hallett & Perrin, P.C.
1445 Ross Avenue
Suite 2400
Dallas, Texas 75202
cfrederiksen@hallettperrin.com

        ___*/s/ Nitin Sud*_____
        Nitin Sud