IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TIFFANY AARON AND §<br>EBONI HORN-WATSON, §<br>§<br>INDIVIDUALLY AND ON BEHALF OF §<br>ALL PERSONS SIMILARLY §<br>SITUATED, §<br>§<br>   *Plaintiffs* §<br>v. §<br>§<br>JASON LEDAY, LTHM HOUSTON - §<br>OPERATIONS, LLC, AND §<br>KIGLAPAIT HOSPITAL §<br>CORPORATION d/b/a RENAISSANCE §<br>HOSPITAL GROVES §<br>§<br>*Defendants.* | CIVIL ACTION NO. 13-cv-1716<br><br>JURY TRIAL DEMANDED |

## **PLAINTIFFS' MOTION TO COMPEL INITIAL DISCLOSURES**

Plaintiffs Tiffany Aaron and Eboni Horn-Watson (collectively "Plaintiffs") file this Motion to Compel Initial Disclosures, and respectfully show as follows.

### FACTS AND ARGUMENT

Rule 26(a) of the Federal Rules of Civil Procedure requires parties to provide initial disclosures within 14 days after the parties' Rule 26(f) conference. Defendants indicated in the Joint Discovery/Case Management Plan that Kiglapait Hospital Corporation ("Kiglapait") would provide initial disclosures within 14 days of the parties' Rule 26(f) conference. *Docket #15, ¶ 9*. Because the Rule 26(f) conference took place on August 28, 2013, Kiglapait's initial disclosures were due on September 11, 2013. Notably, Kiglapait never objected to providing initial disclosures, as would be required under Rule 26(a)(1)(C), if it believed it should not provide initial disclosures.

1

After the initial scheduling conference with the Court on September 6, 2013, Defendants' attorney sent a letter indicating that Kiglapait would not provide initial disclosures.[1] *Exhibit #1*. Plaintiffs' counsel responded to Defendants that same day via email (*Exhibit #2*), on September 11, 2013 via fax (*Exhibit #3*), on September 13, 2013 via email (*Exhibit #4*), and by telephone on the morning of September 16, 2013 (a voice message was left, but the call was not returned). Plaintiffs' counsel repeatedly requested that Kiglapait provide initial disclosures, per the Federal Rules of Civil Procedure and its prior representation.

Kiglapait has still not provided its initial disclosures. This is especially troubling here because Plaintiffs have not been able to obtain the necessary plan documents to join additional parties. Specifically, the medical plan covering Plaintiffs has been terminated, and Plaintiffs are unable to obtain the relevant plan documents from the insurance company that used to cover them. Instead, they are being directed to obtain the documents directly from their former employer (i.e. from Defendants).

Furthermore, because Plaintiffs had their medical coverage terminated months ago and were not offered COBRA coverage by any entity, they are uninsured and facing significant hardship. For example, Plaintiff Horn-Watson was eight months pregnant when she was terminated, so had to resort to Medicaid coverage; however, that coverage ends on September 30, 2013. Although expedited discovery may be necessary as well as a preliminary injunction, it is imperative that Plaintiffs obtain the necessary documents from Defendants as soon as possible to at least add in the appropriate parties and clarify their ERISA claims depending on who was/were the plan administrators.

---

[1] Defendants appear to have misinterpreted the Court's statement about not yet engaging in written discovery until after it makes a decision on the motion to dismiss; however, there was no discussion about Kiglapait being able to avoid providing initial disclosures. Indeed, this issue would have not come up during the initial conference because Kiglapait had already represented to Plaintiffs' counsel and the Court (in the Joint Discovery/Case Management Plan) that it would in fact provide initial disclosures.

PRAYER

As a result, Plaintiffs respectfully request that the Court immediately order Kigalpait to provide initial disclosures, including all relevant ERISA plan documents.

Respectfully submitted,

Dated: September 16, 2013

SUD LAW P.C.

*/s/ Nitin Sud*
Nitin Sud
State Bar No. 24051399
Federal ID No. 611307
4545 Mount Vernon Street
Houston, TX 77006
Phone: 832-623-6420
Fax: 832-304-2552

Attorney for Plaintiffs

3

## CERTIFICATE OF CONFERENCE

I certify that I attempted to confer with Defense counsel on numerous occasions, as indicated in the attached exhibits. Defense counsel has not responded since September 6, 2013 and Kiglapait has still not provided initial disclosures.

                                                    *Nitin Sud*
                                                    Nitin Sud

## CERTIFICATE OF SERVICE

I certify that Plaintiffs' Motion to Compel Initial Disclosures was served on the following attorney in accordance with the Federal Rules of Civil Procedure on September 16, 2013:

C. Christian Frederiksen, Jr.
Jennifer Poe
Hallett & Perrin, P.C.
1445 Ross Avenue
Suite 2400
Dallas, Texas 75202

                                                */s/ Nitin Sud*
                                                Nitin Sud